IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD L. ARMSTRONG,

      Petitioner,                   No. CIV S-10-1609 GEB EFB P

  vs.

M.D. MCDONALD,

      Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. Petitioner seeks leave to proceed in forma pauperis. He makes the required showing. Therefore, the request is granted. *See* 28 U.S.C. § 1915(a).

      Petitioner also requests reconsideration of his motion for appointment of counsel. Dckt. No. 11. As petitioner was previously informed, there currently exists no absolute right to appointment of counsel in habeas proceedings. *See Nevius v. Sumner*, 105 F.3d 453, 460 (9th Cir. 1996). The court may appoint counsel at any stage of the proceedings "if the interests of justice so require." *See* 18 U.S.C. § 3006A; *see also*, Rule 8(c), Rules Governing Section 2254 Cases. The court does not find that the interests of justice would be served by the appointment of counsel.

////

1  Currently pending before the court is petitioner's application for a writ of habeas corpus.
2  For the reasons explained below, the court finds that it must be dismissed.  *See* Rule 4, Rules
3  Governing § 2254 Proceedings.

4  A judge entertaining a habeas petition "shall forthwith award the writ or issue an order
5  directing the respondent to show cause why the writ should not be granted, unless it appears
6  from the application that the applicant or person detained is not entitled thereto." 28 U.S.C.
7  § 2243.  The petition must be dismissed if on initial review the court finds that "it plainly
8  appears from the petition and any attached exhibits that the petitioner is not entitled to relief in
9  the district court."  Rule 4, Rules Governing § 2254 Proceedings.

10 A federal court may only grant a petition for writ of habeas corpus if the petitioner can
11 show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).  A habeas
12 corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his
13 confinement.  *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez*,
14 411 U.S. 475, 484 (1973)); Advisory Committee Notes to Rule 1 of the Rules Governing § 2254
15 Cases.

16 Here, petitioner claims that officers at High Desert State Prison and California State
17 Prison, Corcoran, illegally took funds from exempted deposits made by the attorney for
18 petitioner's mother's estate.  Although not clearly stated, petitioner appears to allege that the
19 officers applied these "exempted funds" to petitioner's restitution fine.  Petitioner's challenge
20 does not implicate the fact or duration of his sentence.  Therefore, section 2254 is not the proper
21 avenue for presenting this claim.  Since petitioner's claim does not challenge the legality of
22 petitioner's custody, it is not cognizable and must be dismissed.

23 Accordingly, it is hereby ORDERED that petitioner's application to proceed in forma
24 pauperis is granted and petitioner's request for reconsideration of the order denying the
25 appointment of counsel is denied.
26 ////

1    Further, it is hereby RECOMMENDED that the petition for writ of habeas corpus be
2 dismissed with prejudice.
3    These findings and recommendations are submitted to the United States District Judge
4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
5 after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
8 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
9 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
10 Dated:  March 23, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE